UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/18/2017

LUIS ROSALES,

Plaintiff,

– against –

VIEIRA SARDINHA REALTY, LLC, *et al.*,

Defendants.

VIEIRA SARDINHA REALTY, LLC and NEPTUNE DONUTS, LLC,

Third-Party Plaintiffs,

– against –

R. REESE CONSTRUCTION, LLC,

Third-Party Defendant.

SARDINHA BRANDS, INC.,

Second Third-Party Plaintiff,

– against –

R. REESE CONSTRUCTION, LLC,

Second Third-Party Defendant.

13-CV-06980 (TPG)

**OPINION**

Before this court are cross motions for summary judgment. Plaintiff Luis Rosales brought this action under 28 U.S.C. § 1332 (2012) for injuries suffered in a construction accident. Rosales seeks summary judgment against defendants Vieira Sardinha Realty ("Sardinha Realty") and Sardinha Brands, Inc. ("Sardinha Brands") for his claims that Sardinha Realty and Sardinha Brands violated § 240(1) of the New York Labor Law, as well as his claim that Sardinha Realty and Sardinha Brands' negligence caused plaintiff's injuries. ECF No. 49.

Defendants Sardinha Realty and Neptune Donuts, LLC ("Neptune") seek summary judgment denying plaintiff's claims that they violated New York Labor Law §§ 200, 240(1), and 241(6), as well as plaintiff's claims that their negligence caused his injuries. ECF No. 44. Defendant Sardinha Brands also seeks summary judgment against plaintiff's negligence and labor law claims. ECF No. 53. In addition, Sardinha Realty and Neptune seek summary judgment on the issue of indemnification and breach of contract by third party defendant R. Reese Construction, LLC ("Reese"), ECF No. 44, the construction company overseeing the site where the accident. Sardinha Brands similarly seeks summary judgment against Reese Construction for indemnification, ECF No. 53.

For the reasons set forth below, with respect to the plaintiff's claims, the court grants summary judgment against defendants Sardinha Realty, Sardinha Brands, and Neptune for violating New York Labor Law § 240(1), directing further briefing as to damages. The court grants defendants' motions for

summary judgment against plaintiff for plaintiff's common-law negligence, § 200 and § 241(6) claims.

With respect to claims against third-party defendant Reese, the court denies Sardinha Brands's motion for summary judgment on the issue of indemnification, and orders further proceedings to determine whether Reese should indemnify Sardinha Brands. Additionally, the court denies Sardinha Realty's and Neptune's motion for summary judgment and dismisses their claims against third-party defendant Reese on the issues of indemnification and contract breach.

## BACKGROUND

### A. Facts

This case arises out of a workplace accident that occurred on July 19, 2013, at a construction site located at 2265 South Road in Poughkeepsie, New York. The construction was for the purpose of creating a Dunkin Donuts store. ECF No. 17, at 4-5. The property in question was owned by Sardinha Realty, which leased the space to Neptune so that Neptune could operate the store under the Dunkin Donuts name. ECF No. 54, at 5. The construction for the store was organized through Sardinha Brands, which administered approximately 20 Dunkin Donuts stores in 2012. ECF No. 54, at 5. At the time this case was filed, Mario Sardinha was the President of Sardinha Brands and the managing member of both Sardinha Realty and Neptune. ECF No. 54, at 5; ECF No 51, at 3.

On September 26, 2012, Sardinha Brands and Reese entered into a contract for the construction of the Dunkin Donuts store. ECF No. 54, Ex. N. This contract was titled "AIA Document A101-2007" and the contract was between Sardinha Brands as "Owner" and Reese as "Contractor" ("Construction Contract"). ECF No. 54, Ex. N; ECF No. 51, Ex. O; ECF No. 62, Ex. A. Mario Sardinha signed the contract on behalf of Sardinha Brands. *See* ECF No. 62, Ex. A, at 7. Pursuant to this contract, Reese started construction of the Dunkin Donuts store.

Article 9 of the Construction Contract lists, as part of the contract documents, the General Conditions contained in AIA Document A201-2007 ("General Conditions"). *See* ECF No. 62, Ex. A, at 6. The General Conditions contain an indemnification provision, § 3.18, stating that [t]o the fullest extent permitted by law the Contractor shall indemnify and hold harmless the Owner . . . from and against claims, damages, losses and expenses . . . arising out of or resulting from performance of the [Contractor's work] . . . but only to the extent caused by the negligent acts or omissions of the Contractor." ECF No. 62, Ex. B, at 17.

On the date of the accident, Rosales was employed by Reese and was working at the construction site at 2265 South Road. ECF No. 54, at 13. The foreman, Joe Caruso—who was also employed by Reese—directed Rosales and several other construction workers to work on the roof. ECF No. 54, at 13; ECF No. 51, at 4. The roof had several open holes where air conditioners and staircases were to be installed. ECF No. 54, at 13-14. These holes were covered

by pieces of plywood, which were simply placed on top of the holes and were not appended to the roof. ECF No. 54, at 14; ECF No. 51, at 4. The construction workers would remove the pieces of plywood, do their work, and then place the plywood back on top of the hole. ECF No. 54, at 14.

On the date in question, Rosales was directed to clean up and remove all of the plywood on the roof. ECF No. 54, at 13. Rosales removed the plywood with a coworker—they each picked up one side of the plywood plank and placed each plank on the side of the building. ECF No. 54, at 14; ECF No. 54, Ex. U, at 31; ECF No. 51, at 5. When they removed the third or fourth piece, Rosales walked toward his coworker and fell through the hole that the plywood was meant to cover. ECF No. 54, Ex. U, at 31. The area was not marked to indicate that a hole was present, and there were no warnings around any of the openings. ECF No. 54, Ex. U, at 32; ECF No. 51, at 4. Rosales fell nineteen feet from the roof to the first floor. ECF No. 54, Ex. U, at 32; ECF No. 51, at 5. He was taken from the construction site to the hospital via ambulance, where he was treated for severe injuries to his spine, including fractures and hemorrhages. ECF No. 52, Ex. E, at 5.

### B. Procedural History

Plaintiff filed his complaint on October 2, 2013 against Sardinha Realty and Neptune, alleging that defendants violated §§ 200, 240(1), and 241(6) of the New York Labor Law and that the accident was the result of defendants' negligence. ECF No. 1. On April 28, 2015, plaintiff filed an amended complaint

adding defendant Sardinha Brands. ECF No. 17. The allegations in the amended complaint are in effect.

On January 16, 2014, defendants Sardinha Realty and Neptune filed a third-party complaint against Reese alleging that Reese should indemnify defendants, and alternatively, that Reese breached the Construction Contract by failing to purchase insurance naming them as additional insured parties. ECF No. 5. On February 10, 2016—after being added as a defendant—Sardinha Brands filed a second third-party complaint against Reese alleging that Reese should indemnify Sardinha Brands. ECF No. 33.

On May 13, 2016, defendants Neptune and Sardinha Realty filed a motion for summary judgment asking the court to (1) dismiss plaintiff's negligence and New York Labor Law §§ 200, 240(1), and 241(6) claims, and (2) grant their indemnification and breach of contract claims against third-party defendant Reese. ECF No. 43. On May 18, 2016, plaintiff filed a cross motion for summary judgment against Sardinha Realty and Sardinha Brands asking the court to grant his negligence and New York Labor Law claims. On May 20, 2016, defendant Sardinha Brands filed a motion for summary judgment asking the court to dismiss plaintiff's negligence and New York Labor Law claims and grant its indemnification claim against Reese. ECF No. 53.

**STANDARD OF REVIEW**

Summary judgment is granted where there is "no genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of demonstrating

the absence of a genuine issue of material fact. *Celotex Corp v. Catrett*, 477 U.S. 317, 322-23 (1986). On cross-motions for summary judgment, each moving party has the burden of demonstrating the absence of a genuine issue of material fact. *SEC v. Cole*, No. 12-cv-8167, 2015 WL 5737275, at *3 (S.D.N.Y. Sept. 19, 2015). The standard is the same for each summary judgment motion as it is for any individual motion for summary judgment. *Schultz v. Stoner*, 308 F. Supp. 2d 289, 298 (S.D.N.Y. 2004).

When determining whether facts are genuinely disputed, the court must view the evidence in light most favorable to the nonmoving party. *Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016). If the evidence, viewed in light most favorable to the nonmoving party, is such that a reasonable jury could decide in favor of the nonmoving party, there is a "genuine issue" and thus summary judgment must not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Nabisco v. Warner-Lambert Co.*, 220 F.3d 43, 45 (2d Cir. 2000). When establishing evidence that there is a genuine issue of material fact, the nonmoving party's evidence must be more than "mere allegations or denials" and must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)). At the summary judgment stage, the court must determine whether there are any triable issues—its role is not to resolve factual disputes. *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010).

## DISCUSSION

### A. Plaintiff's New York Labor Law and Negligence Claims

Plaintiff and defendants Sardinha Realty, Sardinha Brands, and Neptune have filed cross motions for summary judgment on the issue of whether defendants breached New York Labor Law § 240(1). ECF No. 49. Additionally, defendants' request summary judgment on plaintiff's §§ 200, 241(6), and common-law negligence claims. ECF Nos. 43, 53.

#### 1. New York Labor Law § 240(1)

Section 240(1) requires all contractors and owners to "furnish or erect . . . scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices . . . placed and operated as to give proper protection" to those employed in construction work. N.Y. Lab. L. § 240(1) (McKinney 2017). It creates absolute liability where "owners and contractors . . . fail to provide or erect safety devices necessary to give proper protection to workers exposed to elevation-related hazards." *Valensisi v. Greens at Half Hollow, LLC*, 823 N.Y.S.2d 416, 418-19 (N.Y. App. Div. 2d Dep't 2006). It is aimed at elevation-related accidents, and imposes liability only for elevation-related construction zone falls. *Misseritti v. Mark IV Const. Co.*, 657 N.E.2d 1318, 1320 (N.Y. 1995). The statute is liberally construed to achieve its purpose of protecting workers from elevation-related risks. *Valensisi*, 823 N.Y.S.2d at 419; *Clark v. Fox Meadow Builders Inc.*, 624 N.Y.S.2d 685, 687 (N.Y. App. Div. 3rd Dep't 1995). The duties set forth in § 240(1) are non-delegable and impose strict liability. *Ortega v. Puccia*, 866 N.Y.S.2d 323, 327 (N.Y. App. Div. 2d Dep't 2008).

Liability under § 240(1) extends to building owners as well as contractors. Both "property owners and their agents are vicariously liable under § 240(1) for injuries sustained by construction workers due to the negligence of a subcontractor . . . even when the owner exercises no direct supervisory control." *Kane v. Coundorous*, 738 N.Y.S.2d 711, 714 (N.Y. App. Div. 3rd Dep't 2002). Thus, Sardinha Realty, which owned the property, and Neptune, which leased the space from Sardinha Realty to operate the store, would be considered "owners" for the purpose of § 240(1). Further, Sardinha Brands, the party that contracted with Reese for the construction of the store, would be considered a "contractor" under this section.

Mere placement of plywood on top of an opening at a construction site does not shield an owner or contractor from liability. *See, e.g.*, *Clark*, 624 N.Y.S.2d at 687. Even if such plywood were to qualify as a "safety device," § 240(1) imposes liability if the safety device, on its own, does not provide sufficient safety. *Nimirovski v. Vornado Realty Tr. Co.*, 818 N.Y.S.2d 93, 94 (N.Y. App. Div. 2d Dep't 2006); *Clark*, 624 N.Y.S.2d at 687. A plywood plank placed on top of an opening does not provide such elevation-related safety. Once plywood is removed, workers are exposed to an elevation-related risk—the type of risk that § 240(1) is designed to prevent. *Clark*, 624 N.Y.S.2d at 687.

There is absolute liability for owners and contractors under § 240(1) even where a plaintiff's carelessness contributed to his or her injuries, as long as there is no evidence that plaintiff's injuries were caused exclusively by his or own intentional acts. *Justyk v. Treibacher Schleifmittel Corp.*, 771 N.Y.S.2d 615, 616

(N.Y. App. Div. 4th Dep't 2004). Even where the plaintiff's actions exposed the opening which he or she subsequently fell through, liability lies for owners and contractors. *Id.*; *Clark*, 624 N.Y.S.2d at 687.

Plaintiff's injuries clearly resulted from the type of elevation-related risk that § 240(1) was designed to prevent. Plaintiff's injuries occurred when he was removing plywood covers from the ceiling of a construction site and placing them on the side of the building. ECF No. 54, at 14. He was specifically directed to do so by the foreman at the construction site. ECF No. 54, at 13. The openings were created in order to install air conditioners and stairwells for the Dunkin Donuts store. ECF No. 54, at 13-14.

There is no dispute that plaintiff was told to work on the roof and remove the plywood planks, that he removed one of the planks, and that he fell through the hole that the plank was covering. ECF No. 54, at 13-15; ECF No. 54, Ex. U, at 31. It is also undisputed that when plaintiff fell through the opening, there were no other safety devices protecting plaintiff from the opening and that the plywood planks were not affixed to the roof. ECF No. 54, Ex. U, at 32; ECF No. 51, at 4. Defendants fail to provide evidence sufficient to raise a triable issue of fact as to whether plaintiff's intentional conduct was the sole cause of the accident. The result is that there was a violation of § 240(1) as a matter of law. Thus, plaintiff is entitled to summary judgment against defendants Sardinha Brands, Sardinha Realty, and Neptune on the issue of liability under § 240(1) of the New York Labor Law.

### 2. New York Labor Law § 241(6)

Section 241(6) states that "[a]ll areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety" to construction site employees. N.Y. Lab. L. § 241(6) (McKinney 2017). It states that owners and contractors are liable if they fail to comply with rules promulgated by the Commissioner of the Department of Labor. *Id.* A claim based on § 241(6) must allege a violation of a specific provision of the Industrial Code, and in order to prevail, the court must find that the defendant's negligence caused the violation of the Code. *Alonzo v. Safe Harbors of the Hudson Hous. Dev. Fund Co.*, 961 N.Y.S.2d 91, 96 (N.Y. App. Div. 1st Dep't 2013). Like § 240(1), § 241(6) does not require that the owner have supervision or control of the worksite. *Wojcik v. 42nd St. Dev. Project*, 386 F. Supp. 2d 442, 453 (S.D.N.Y. 2005); *Ross v. Curtis-Palmer Hydro-Electric Co.*, 618 N.E.2d 82, 86 (N.Y. 1993).

Here, plaintiff has not alleged which section of the Industrial Code defendants have violated. Rather, plaintiff states generally in both his Amended Complaint, ECF No. 18, and his opposition to defendant's summary judgment motion, ECF No. 57, that defendants have violated § 241(6) without citing to any specific section of the Industrial Code. Plaintiff's allegations are too vague to make out a case underneath the Industrial Code, and thus defendants' motion for summary judgment is granted as to the § 241(6) claim.

### 3. New York Labor Law § 200 and Common Law Negligence

Section 200 codifies "the common-law duty of an owner or general contractor to provide workers with a safe place to work." *Ortega v. Puccia*, 866 N.Y.S.2d 323, 329 (N.Y. App. Div. 2d Dep't 2008); *see also Lombardi v. Stout*, 604 N.E.2d 117, 119 (N.Y. 1992). Specifically, this section states that a workplace must "be so constructed, equipped, arranged, operated and conducted as to provide a reasonable and adequate protection to the lives, health, and safety of all person employed therein." N.Y. Lab. Law § 200(1) (McKinney 2017).

A party can bring a claim under § 200 for injuries that either (1) arise out of an employer's dangerous methods of work or (2) arise out of a dangerous condition on the premises. Where the claim is based on the method of work, a defendant can only be held liable if the defendant had control over the work and had notice of the harm. *See Alonzo v. Safe Harbors of the Hudson Hous. Dev. Fund Co.*, 961 N.Y.S.2d 91, 94-95 (N.Y. App. Div. 1st Dep't 2013); *Ortega*, 866 N.Y.S.2d at 329-30. An owner will not be held liable if the owner had no control or supervision of the operation. *Lombardi*, 604 N.E.2d at 119. When the claim arises out of a dangerous condition, owners can be held liable where the owner either created the condition or had actual or constructive notice of the condition and failed to remedy it. *Ortega*, 866 N.Y.S.2d at 329; *Meng Sing Chang v. Homewell Owner's Corp.*, 831 N.Y.S.2d 547, 549-50 (N.Y. App. Div. 2d Dep't 2007).

Plaintiff alleges that defendants Sardinha Realty, Sardinha Brands, and Neptune should be held liable for violations of § 200. However, it is undisputed that Reese was the party that supervised the construction pursuant to the construction contract. ECF No. 51, Ex. O. The foreman who told plaintiff to work on the roof was employed by Reese. ECF No. 54, at 13. Plaintiff has failed to provide evidence showing that defendants had any control over the site or that they had notice of any harmful methods. Plaintiff also cannot make out a claim based on a dangerous condition because he has not provided evidence that defendants created such a condition or had notice of it. Further, plaintiff states in his opposition to defendants' motion for summary judgment that he "does not oppose dismissal of the Labor Law § 200 cause of action." ECF No. 57, at 4. Because plaintiff has failed to show control or notice, and further, has in effect withdrawn his § 200 claim, the court grants defendants' motion for summary judgment against plaintiff on the § 200 and common-law negligence claims.

### B. Contractual Indemnification and Contract Breach

Defendants Sardinha Realty, Sardinha Brands, and Neptune have filed motions for summary judgment against third-party defendant Reese on their claims that Reese should indemnify defendants for any liability. ECF Nos. 43, 53. Sardinha Realty and Neptune also move for summary judgment on their claim that Reese breached the Construction Contract by failing to purchase insurance that listed them as insureds. ECF Nos. 43, 53.

### 1. Indemnification

Under New York law, an indemnification claim will only be enforced if it is "based upon a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant or person asserting the cause of action for the type of loss suffered." N.Y. Workers' Comp. Law § 11 (McKinney 2017). To determine whether an indemnification claim is valid, the court looks at (1) whether parties entered into a written contract containing an applicable indemnification provision, and (2) whether the indemnification provision was sufficiently specific to meet the requirements of § 11. *Rodrigues v. N & S Bldg. Contractors, Inc.*, 839 N.E.2d 357, 357 (N.Y. 2005). The parties must have a "meeting of the minds"—they must agree to be bound by the indemnification provision. *See Staub v. William H. Lane, Inc.*, 870 N.Y.S.2d 630, 632-33 (N.Y. App. Div. 3rd Dep't 2009).

In cases where a third party—one that is not a party to the contract—makes an indemnification claim, the contracting party must indemnify the third-party if the "contracting party knows that the subject matter of a contract is intended for the benefit of others." *Van Vleet v. Rhulen Agency Inc.*, 578 N.Y.S.2d 941, 943 (N.Y. App. Div. 3rd Dep't 1992). Where third parties are not expressly named in the contract, and where there is no sign of an intent by contracting parties to indemnify a third party, the contracting party is not obligated to indemnify a third party. *See, e.g., Zolfaghari v. Hughes Network Sys., LLC*, 952 N.Y.S.2d 367, 370 (N.Y. App. Div. 4th Dep't 2012); *Benedictine Hosp. v. Hosp.*

*Underwriters Mut. Ins. Co.*, 481 N.Y.S.2d 813, 816 (N.Y. App. Div. 3rd Dep't 1984).

Here, the Construction Contract was between Sardinha Brands and Reese. ECF No. 54, Ex. N; ECF No. 51, Ex. O. Although Mario Sardinha, who signed the Construction Contract on behalf of Sardinha Brands, was the managing member of both Sardinha Realty and Neptune, neither Sardinha Realty nor Neptune are mentioned in the Construction Contract. Further, Sardinha Realty and Neptune have not offered evidence to show that Reese was aware they were performing the work for the benefit of either Sardinha Realty or Neptune, or that these parties were intended beneficiaries to the contract. Robert Reese testified that he believed he was dealing with Mario Sardinha in his capacity as President of Sardinha Brands. ECF No. 73, at 2. The invoices from Reese indicate payment to Sardinha Brands, and there is no mention of Sardinha Realty or Neptune. *See* ECF No. 47, Ex. R. The mere fact that Mario Sardinha held management positions in all three companies does not provide sufficient evidence to show that Sardinha Realty and Neptune were known third-party beneficiaries to the contract. Thus, the court denies summary judgment and dismisses Sardinha Realty's and Neptune's claim against Reese for indemnification.

With respect to Sardinha Brands, on the other hand, the court finds that there are questions of fact as to whether the parties agreed to be bound by the indemnification provision in the General Conditions. Although the contract incorporated the General Conditions by reference, *see* ECF No. 62, Ex. A, at 6, the evidence indicates that Reese did not intend for the General Conditions to be

included. ECF No. 73, at 6-7. The evidence also raises a question as to whether either party read the General Conditions before signing the contract. *Id.* Given the absence of evidence that the parties agreed to the indemnification provision, the court concludes that there are questions of fact as to whether Reese should be bound by the indemnification provision as to Sardinha Brands. Accordingly, Sardinha Brands's motion for summary judgment as to its indemnification claim is denied.

### 2. Contract Breach

Sardinha Realty and Neptune move for summary judgment on their claim that Reese breached its contract by failing to purchase liability insurance naming them as additional insureds as required by § 11.1.1 of the General Conditions. However, as stated above, neither Sardinha Realty nor Neptune are mentioned anywhere in the agreement, and there is no indication that Reese was aware that their work was benefiting Sardinha Realty or Neptune. Because the evidence fails to show that Reese had notice that Sardinha Realty and Neptune were third-party beneficiaries to the contract, the court denies defendants' motion for summary judgment and dismisses defendants' claim against Reese for contract breach.

## CONCLUSION

For the reasons given above, with respect to the claims between plaintiff and defendants, the court grants summary judgment in favor of plaintiff as to his New York Labor Law § 240(1) claim, with the amount of damages to be

decided by further proceedings. The court grants summary judgment in favor of defendants for plaintiff's §§ 200, 241(6), and common-law negligence claims.

With respect to the claims between the third-party plaintiffs and third-party defendant Reese, the court denies defendant Sardinha Brands's motion for summary judgment on the issue of indemnification and orders further proceedings on the indemnification issue. Further, it denies Sardinha Realty and Neptune's motion for summary judgment as to the issue of indemnification and contract breach, and dismisses their claims against Reese.

The court directs the respective parties to submit further briefing to the court for damages and indemnification issues within sixty (60) days of the date of issuance of this opinion. This opinion resolves docket numbers 43, 49, and 53.

SO ORDERED

Dated: New York, New York
September 18, 2017

Thomas P. Griesa
U.S. District Judge